USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KIM NEWSOME and MITCHELL PROUX,  :
:
Plaintiffs,  :
:  13-CV-6576 (VEC)
-against-  :
:  MEMORANDUM
IDB CAPITAL CORPORATION and IDB  :  OPINION AND ORDER
BANK d/b/a Israel Discount Bank of New York,  :
:
Defendants.  :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

Plaintiffs are African-American men who allege that the Defendants discriminated against, retaliated against, and ultimately fired them based on their race, color, ethnicity, gender, and religion, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*  Defendants have moved to dismiss Counts V and VI of the Complaint, which allege Title VII violations because of gender discrimination and retaliation for complaints about gender discrimination, for failure to exhaust administrative remedies.  Defendants also move to dismiss Counts I through VI as against IDB Capital Corporation ("IDB Capital") because IDB Capital was not named in Plaintiffs' administrative complaints.  Plaintiffs move for leave to amend their complaint to add additional causes of action for discrimination under the Civil Rights Act of 1991, 42 U.S.C. § 1981; and to add defendants Israel Discount Bank Ltd. and Discount Bancorp, Inc.[1]  For the following reasons, Defendants' partial motion to dismiss is GRANTED as to Counts V and VI of the Complaint and DENIED as it seeks to dismiss all Title VII claims

---

[1]   Plaintiffs incorrectly name Discount Bancorp, Inc. as "Discount Bankcorp, Inc."

against IDB Capital, and Plaintiffs' motion for leave to amend is GRANTED as to the addition of claims pursuant to § 1981 and DENIED as to the new defendants.

## BACKGROUND[2]

In August 2011, Defendants hired Plaintiff Kim Newsome, a non-Jewish black male, as an Assistant Vice President of the New York Commercial Real Estate Division of Israel Discount Bank ("IDB").  Compl. ¶¶ 32-36.  At that time, Newsome had 28 years of banking experience.  *Id.* ¶ 41.  Within three months Newsome complained to supervisors and the human resources department about discrimination at IDB; he alleges that he received little sympathy regarding his complaints.  *Id.* ¶¶ 91-96.  Newsome further claims that beginning in January 2012, his male supervisor began making unwelcome sexual remarks.  Newsome complained to his supervisor and to human resources about these remarks but to no avail.  *Id.* ¶¶ 97-110.  Newsome alleges that his supervisors at IDB did not grant him signing authority on a normal schedule, *id.* ¶¶ 119-135; disciplined him for infractions that they ignored when committed by others, *id.* ¶¶ 136-228, 232-34, 249-67; referred to IDB as a "legacy bank" that sought to "honor[] and/or carry[] on the Jewish religion/heritage," *id.* ¶¶ 244-45; and ultimately fired him in favor of a less-experienced person who was given the title of Vice-President, which Newsome had sought and been denied, *id.* ¶¶ 281-82.

Similarly, in August 2010 Defendants hired Mitchell Proux, another non-Jewish black male, as a Credit Analyst in their Credit Administration Group.  *Id.* ¶¶ 283-90.  Proux alleges that he was unable to do his job because Newsome's supervisor circumvented Proux and Newsome in favor dealing with white or Jewish employees.  *Id.* ¶¶ 309-11.  Proux further asserts

---

[2] The Court presumes the truth of the Complaint's allegations at this stage in the litigation. *See Meyer v. JinkoSolar Holdings Co., Ltd.*, --- F.3d ---, No. 13-616-cv, *slip op.* at 3, 8 (2d Cir. July 31, 2014).

that he was inappropriately blamed when Defendants received a poor annual review from the Federal Home Loan Bank. *Id.* ¶¶ 316-22. Proux alleges that his supervisor "verbally abused and harassed [him] on a regular basis," *id.* ¶ 325, including by calling him "stupid" and using other offensive terms, *id.* ¶¶ 327-30. When Proux and four white employees complained, the supervisor escalated her offensive conduct against Proux. *Id.* ¶¶ 335-41, 361. Proux avers that not long after this incident he was transferred to an isolated office and, when he complained, he was transferred back to his old office under very intense scrutiny. *Id.* ¶¶ 397-98. Proux also claims that he was unfairly punished for minor mistakes, *id.* ¶¶401-02, and that when white and Jewish employees made the same mistakes, they were not punished, *id.* ¶¶406-16. Proux alleges that he was questioned in a hostile manner about his complaints and that he was terminated weeks after complaining about the company's response to his allegations. *Id.* ¶¶ 435-39.

Plaintiffs, through current counsel, filed separate complaints with the Equal Employment Opportunity Commission ("EEOC") in late May 2012. Stoler Decl. Exs. A, E. The EEOC issued right to sue letters to both plaintiffs on June 25, 2013. *Id.* Exs. D, H. Plaintiffs jointly initiated the instant action on September 17, 2013.

## DISCUSSION

### I. Defendants' Motion to Dismiss

Defendants have moved to dismiss two parts of the Complaint for failure to exhaust administrative remedies. "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). It is not enough merely to file a complaint with the EEOC; with certain exceptions, the administrative complaint must identify

each alleged form of discrimination and each defendant against whom it is articulated. *Id.* at 201; *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991).

### A. Plaintiffs Did Not Exhaust Administrative Remedies for Their Gender Discrimination Claims

Claims that are not included on an EEOC charge must be dismissed in a subsequent action under Title VII unless they are "reasonably related" to the claims that the EEOC investigated. *Deravin*, 335 F.3d at 200-01. Defendants allege that the Plaintiffs did not exhaust their administrative remedies with respect to any claim of sex- or gender-based discrimination and related retaliation. Plaintiffs do not meaningfully dispute this failure. *See* Opp. at 10 ("Plaintiffs agree that their EEOC Charges do not expressly allege claims of gender discrimination or retaliation for Title VII notice purposes."). Plaintiffs also do not allege that their gender claims were "reasonably related" to the claims that were investigated. Accordingly, there is no basis on which the Court could reasonably conclude that these claims were exhausted. *See* Stoler Decl. Exs. A, E. As a result, Counts V and VI of the Complaint are dismissed.[3]

### B. Defendants' Motion to Dismiss Counts I-VI against IDB Capital Is Denied

Defendants next move to dismiss the Title VII claims (Counts I through VI) against IDB Capital based on Plaintiffs' failure to specify that IDB Capital was the subject of their EEOC complaints. As a general matter, "[a] prerequisite to commencing a Title VII action against a defendant is the filing with the EEOC or authorized state agency of a complaint naming the defendant." *Johnson*, 931 F.2d at 209 (citing 42 U.S.C. § 2000e-5(e)). This requirement is non-jurisdictional, *Francis v. City of N.Y.*, 235 F.3d 763, 768 (2d Cir. 2000), and admits of

---

[3]  The parties dispute whether these claims should be dismissed with prejudice. Plaintiffs indicate that they would re-plead these claims only if they obtain documentary evidence showing that the Plaintiffs in fact discussed sex- and gender-based discrimination and retaliation with the EEOC investigators and Defendants during the investigation. Opp. at 10-11. Defendants deny that such evidence exists. Reply at 9. These claims are dismissed without prejudice; Plaintiff must seek leave from the Court to re-plead them if documentary evidence of a timely investigation of these claims surfaces.

4

exceptions, *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 (2d Cir. 1995). Pursuant to the "identity of interest" exception, the Second Circuit "'permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge.'" *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (quoting *Johnson*, 931 F.2d at 209).

The Second Circuit has identified four factors relevant to whether an identity of interest exists:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* (quoting *Johnson*, 931 F.2d at 209-10). At this stage in the proceedings Plaintiffs have sufficiently alleged that this case falls within the identity of interest exception. Defendants' motion to dismiss Counts I through VI against IDB Capital is denied without prejudice to being renewed as part of any contemplated motion for summary judgment.[4]

## II. Plaintiffs' Motion for Leave to Amend

Plaintiffs move for leave to amend their complaint to assert claims against two new defendants, Israel Discount Bank, Ltd. and Discount Bancorp, Inc. (collectively the "new

---

[4] The Court is cognizant of the substantial overlap between the materials that would be discoverable under the NYSHRL and Title VII. *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011) (*per curiam*) ("'[C]laims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII.'") (quoting *Torres v. Pisano*, 116 F.3d 625, 629 n.1 (2d Cir. 1997)). Thus, as a practical matter, dismissing the Title VII claims against IDB Capital would have no impact on pretrial discovery.

parties").[5]  Although there is a presumption in favor of granting leave to amend, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, --- F.3d ---, No. 12-4174-cv, *slip op.* at 25 (2d Cir. July 15, 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).  Defendants oppose the addition of the new parties as futile and unduly prejudicial.

Plaintiffs seek to amend their complaint out of an abundance of caution in light of the Defendants' motion to dismiss the Title VII claims against IDB Capital.  In essence, Plaintiffs seek to prevent Defendants from denying liability because Plaintiffs selected the wrong manifestation of their corporate form.  *See* Morrison Decl. 2 ¶¶ 11-12.[6]  In response, Defendants confirm that the Israel Discount Bank of New York (named in the Complaint as an alternative name for IDB Bank) was the sole employer of both Plaintiffs and of all of the supervisors of both Plaintiffs.  Gray Decl. ¶¶ 6, 8.  Only the Israel Discount Bank of New York hired, paid, and decided to terminate the Plaintiffs.  *Id.* ¶¶ 6-9 & Exs. A-B.  Defendants aver that Discount Bancorp is a holding company without employees and that Israel Discount Bank, Ltd. had no intersection with Plaintiffs' claims.  *Id.* ¶¶ 19-34.

---

[5]   Plaintiffs also seek to add two new claims against all defendants.  Defendants do not oppose the addition of the new claims; in the interests of justice the Court grants leave to amend the Complaint to add the new claims. Fed. R. Civ. P. 15(a)(2); *see Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (*per curiam*).

[6]   Plaintiffs' counsel avers that Plaintiffs' Motion to Amend was rendered necessary by Defendants' partial motion to dismiss:

> Prior to receiving Defendants' partial motion, Plaintiffs had not been aware that Defendants would attempt to claim that purported issues existed concerning the specific entity names of Defendants. To avoid any potential issues that Defendants may claim with respect to the entity names of Defendants, the [proposed] Amended Complaint identifies as Defendants Plaintiffs['] joint employers known at this time.  The named Defendants/joint employers are related entities that Plaintiffs are aware of at this time who conduct the identical type of business (i.e., banking services) for the same interests under 'Israel Discount Bank' and/or 'IDB' at the same office location where Plaintiffs worked during their employment.  Defendants Discount Bankcorp, [sic] Inc. and Israel Discount Bank Ltd. are also subsidiaries, parent companies and/or d/b/as of the Defendants named in the initial Complaint.

Morrison Decl. 2 ¶¶ 11-12.

If the Defendants later assert a defense premised upon the Plaintiffs' incorrect selection of the Israel Discount Bank of New York or IDB Bank as the proper corporate entity responsible for the charged conduct, the Plaintiffs will be permitted to amend their complaint, if justice so requires, to add the appropriate corporate defendants at that time.  Based on the Court's understanding of the case at this stage, however, leave to include additional parties with no demonstrable link to the case is denied as futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 130 (2d Cir. 1993) (*per curiam*) (holding that district courts may deny leave to amend "[w]here it appears that granting leave to amend is unlikely to be productive"); *cf. N.L.R.B. v. Solid Waste Servs., Inc.*, 38 F.3d 93, 94 (2d Cir. 1994) (describing the evidence required to establish a joint employer relationship).

"An 'amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.'"  *City of N.Y. v. Grp. Health Inc.*, 649 F.3d 151, 158 (2d Cir. 2011) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725-26 (2d Cir. 2010)) (alteration omitted).  The Court is persuaded that discovery as to the existence of a joint employer relation will be fruitless and that imposing its cost on Defendants would constitute undue prejudice.  As a result, and with the foregoing caveats, Plaintiffs' motion is denied insofar as it seeks to add Israel Discount Bank, Ltd. and Discount Bancorp, Inc. as defendants.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED as to Plaintiffs' fifth and sixth causes of action and DENIED as to the Title VII claims against IDB Capital.  Plaintiffs' motion for leave to amend is GRANTED as to the new claims under 42 U.S.C. § 1981

and DENIED as to adding the new defendants.  The Clerk of the Court is respectfully directed to terminate Dkt. 24 and 30.  Plaintiffs are ORDERED to file their Amended Complaint not later than three weeks after the date of this Order.  Defendants shall have three weeks from the service of the Amended Complaint to answer, move with respect to, or otherwise respond to the Amended Complaint.  The conference previously scheduled for October 3, 2014, is ADJOURNED until October 24, 2014, at 10:00 a.m., in Courtroom 443 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

**SO ORDERED.**

Date:  August 26, 2014  
      New York, NY

**VALERIE CAPRONI**  
**United States District Judge**